NOT DESIGNATED FOR PUBLICATION

Nos. 112,164
112,165

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEVIN DANIELS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; Jeffery Syrios, judge. Opinion filed September 4, 2015. Affirmed in part and dismissed in part.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*: Devin Daniels appeals an order revoking his probation and requiring him to serve his underlying prison sentence. On appeal, we find that the district court did not abuse its discretion when it revoked his probation and that Daniels' remaining claims are untimely and meritless. Moreover, because the district court imposed presumptive sentences for Daniels' convictions, we find that we lack jurisdiction on an appeal to consider these sentences. Thus, we affirm in part and dismiss in part.

1

On October 22, 2012, Daniels pled guilty in Sedgwick County District Court case number 12 CR 2512 to a single count of an offender registration violation for failing to notify his probation officer that he had moved to a new residence. At sentencing on December 19, 2012, the district court followed the parties' plea agreement and sentenced Daniels to serve 24 months' probation and imposed an underlying prison sentence of 36 months.

On June 3, 2013, Daniels pled guilty in Sedgwick County District Court case number 13 CR 345, to a single count of trafficking contraband into a correctional facility. On July 17, 2013, the district court conducted a joint hearing to consider revoking Daniels' probation in 12 CR 2512 and to sentence him in 13 CR 345.

In regards to 13 CR 345, the district court sentenced Daniels to serve 46 months in the custody of the Secretary of Corrections along with 24 months' postrelease supervision. The district court ordered that his sentence run consecutive to his sentence in 12 CR 2512 but granted Daniels' motion to depart, placing him on probation. In granting the motion to depart, the district court noted that Daniels was only 22 years old, that his family supported him, and that he was assigned to residential community corrections.

In regards to 12 CR 2512, Daniels stipulated that he had violated the terms of his probation by failing to notify his supervisor of prior contact with law enforcement, attend drug and alcohol treatment, and refrain from contact with any person of harmful or disreputable character. The district court revoked, reinstated, and extended Daniels' probation by 24 months. It applied the same terms of probation that it previously imposed in 13 CR 345.

On October 4, 2013, the district court issued a warrant alleging that Daniels violated the terms of his probation in both cases when he consumed synthetic marijuana, failed to attend drug and alcohol treatment, and left his place of employment without

permission. The district court conducted a probation violation hearing in both cases on October 22, 2013. Daniels again stipulated to the violations but asked the district court to reinstate probation, citing his young age, family support, and his responsibility to care for his children. The State asked the district court to revoke his probation and impose his underlying prison sentence.

At the conclusion of the hearing, the district court revoked Daniels' probation and sentenced him to serve 82 months in prison. The district judge reasoned that he had given Daniels several opportunities to correct his behavior, including the chance to address his drug addiction in residential community corrections—the highest level of community resources available—but that Daniels repeatedly failed to do so. Daniels filed a notice of appeal in both cases on October 23, 2013. We consolidated the cases for appeal on September 8, 2014.

On appeal, Daniels argues that the district court abused its discretion in revoking his probation. Probation from service of a sentence, however, is an act of grace by the sentencing judge. Accordingly, unless otherwise required by law, probation is a privilege rather than a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006).

A district court's decision to revoke probation usually involves two steps:  (1) a retrospective factual question of whether the probationer has violated a condition of probation; and (2) a discretionary determination by the sentencing authority of whether the violation warrants revocation. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

Furthermore, since the decision to revoke probation rests in the sound discretion of the district court, appellate courts generally review such a decision under the abuse of discretion standard. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Abuse of discretion means that the decision was (1) arbitrary, fanciful, or unreasonable;

3

(2) based on an error of law; or (3) based on an error of fact. *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2013). Daniels carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Daniels claims that the district court should have reinstated his probation following a jail sanction. In doing so, he again points to his young age, family support, responsibilities as a father, and alleged willingness to commit to drug treatments. We cannot see how the district court's decision was arbitrary, fanciful, or unreasonable where Daniels was given several opportunities to reform his behavior under the same circumstances but failed to avail himself of the grace afforded to him by the district court. Hence, we find no abuse of discretion.

Daniels also contends that the trial court's imposition of a sentence in the aggravated grid box without a jury determination of the aggravating factors violated his Sixth and Fourteenth Amendment to the United States Constitution rights as interpreted by *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Daniels argues that the State's failure to include his prior convictions in the complaint and the district court's use of his criminal history for sentencing purposes without requiring the State to prove them before a jury beyond a reasonable doubt enhanced his sentence in violation of *Apprendi.*

Daniels acknowledges that our Supreme Court rejected the same arguments in *State v. Johnson*, 286 Kan. 824, Syl. ¶ 6, 190 P.3d 207 (2008), and *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002), but includes the issues to preserve them for federal review. In *Johnson*, our Supreme Court held that a sentencing court does not violate *Cunningham* or *Apprendi* by sentencing a defendant to the "longest term in the presumptive grid block." 286 Kan. at 851-52; see K.S.A. 21-4721(c)(1). Our Supreme Court recently reaffirmed *Johnson* in *State v. Hayes*, 299 Kan. 861, 869, 327 P.3d 414 (2014).

4

Moreover, our Supreme Court has held that the use of criminal history scores to determine a defendant's sentence is not unconstitutional under *Apprendi*. See *Ivory*, 273 Kan. at 46-48.

The Kansas Supreme Court has consistently reaffirmed *Ivory*. See *State v. Castleberry*, 301 Kan. 170, 191, 339 P.3d 795 (2014); *State v. Smith-Parker*, 301 Kan. 132, 135, 340 P.3d 485 (2014); *State v. McCune*, 299 Kan. 1216, 1234-35, 330 P.3d 1107, *cert. denied* 135 S. Ct. 457 (2014). Moreover, since there is no indication that our Supreme Court is departing from either *Johnson* or *Ivory*, we must follow these controlling precedents and affirm Daniels' sentence. See *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). Thus, we find no merit in Daniels' argument.

Finally, we note that Daniels failed to timely appeal his sentence in both 12 CR 2512 and 13 CR 345, which the district court imposed on December 19, 2012, and July 17, 2013. Because Daniels did not timely appeal his sentences, we lack jurisdiction to consider his *Johnson* and *Apprendi* claims. See K.S.A. 2014 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008) (defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence).

Affirmed in part, dismissed in part.