NOT DESIGNATED FOR PUBLICATION

No. 111,089

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRAN BAKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; ROBERT P. BURNS, judge. Opinion filed December 11, 2015. Sentence vacated and remanded for resentencing.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Edmond Brancart*, chief deputy district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*: On appeal, Terran Baker contends the district court erred at sentencing by classifying his 1990 Kansas juvenile adjudication for burglary as a person felony. Baker incorrectly maintains that all pre-KSGA convictions and adjudications should be considered nonperson offenses. However, Baker correctly asserts the classification of his 1990 burglary adjudication as a person felony violated his constitutional rights. In addition, Baker correctly points out—and the State concedes— that no restitution hearing was held in this case. Thus, we vacate Baker's sentence and remand this case for resentencing.

1

FACTS

On June 21, 2012, Baker pled guilty to one count of voluntary manslaughter and one count of aggravated battery. Baker's presentence investigation report (PSI) indicated that on May 30, 1990, he had been adjudicated as a juvenile for burglary. Baker objected to his criminal history but did not specifically object to the classification of the juvenile adjudication for burglary. The district court denied Baker's objection and relied on information provided in the PSI.

Finding that Baker had a criminal history score of "C," the district court sentenced Baker to 102 months in prison. Moreover, the district court ordered that restitution be left open for 30 days. Subsequently, without conducting a hearing, the district court entered an order requiring Baker to pay $5,000 in restitution. Thereafter, Baker appealed his sentence.

ANALYSIS

*1990 Juvenile Adjudication for Burglary*

On appeal, Baker contends that the district court erred in classifying his 1990 Kansas juvenile adjudication as a person offense for criminal history purposes. Specifically, Baker argues that all pre-KSGA convictions and adjudications should be considered nonperson offenses because when the prior offenses were committed Kansas law did not distinguish between person and nonperson offenses. To support his argument, Baker relies on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014. In response, the State argues that Baker failed to preserve this issue for appeal because he is raising it for the first time on appeal. The State also responds that Baker misinterprets *Murdock*.

2

It should first be noted that although Baker did not challenge the person classification of the 1990 Kansas juvenile burglary adjudication in the district court, he may do so for the first time on appeal under *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). In *Dickey*, our Supreme Court held that "a legal challenge to the classification of a prior adjudication for purposes of lowering [a defendant's] criminal history score . . . can be raised for the first time on appeal pursuant to K.S.A. 22-3504(1). [Citation omitted.]" 301 Kan. at 1034. Thus, we will consider the merits of Baker's arguments.

"Whether a prior conviction should be classified as a person or nonperson offense involves the interpretation of the [Kansas Sentencing Guidelines Act (KSGA)]. Interpretation of a statute is a question of law over which appellate courts have unlimited review. [Citations omitted.]" *State v. Keel*, 302 Kan. ___, 357 P.3d 251, 259 (2015). In *Keel*, the Kansas Supreme Court held "the legislature intended for all prior convictions and juvenile adjudications—including convictions and adjudications occurring before implementation of the KSGA—to be considered and scored for purposes of determining an offender's criminal history score." 357 P.3d at 264. The *Keel* court acknowledged that Kansas law did not classify pre-KSGA crimes as person or nonperson. Accordingly, the *Keel* court explained that "a pre-KSGA conviction and/or adjudication must be classified as either a person or nonperson offense by comparing the criminal statute under which the prior offense arose to the comparable post-KSGA criminal statute." 357 P.3d at 264-65.

The *Keel* court further provided that "the comparable post-KSGA criminal statute is the one that was in effect at the time the current crime of conviction was committed." 357 P.3d at 265; see also *State v. Luarks*, No. 106,643, 2015 WL 6594731, *3-4 (Kan. 2015) (relying on *Keel* to reject argument that all pre-KSGA offenses should be nonperson offenses). Thus, we find that Baker's argument that all pre-KSGA convictions should be nonperson offenses to be misplaced.

Next, Baker maintains that the district court's classification of his 1990 burglary adjudication as a person crime violated his constitutional rights under *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because it was based on a fact that was never proven to a jury beyond a reasonable doubt. In response, the State argues that Baker's reliance on *Descamps* is misplaced. We disagree.

In *Dickey*, the Kansas Supreme Court held that "in order to classify a prior burglary conviction or adjudication as a person offense under K.S.A. 2014 Supp. 21-6811(d), a sentencing court must find that the prior burglary involved a 'dwelling.'" 301 Kan. at 1021. K.S.A. 2014 Supp. 21-5111(k) defines "dwelling" as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home, or residence." The *Dickey* court held that because the burglary statute in effect when Dickey committed his prior burglary did not require evidence that the burglary was of a dwelling, the district court's determination of whether Dickey's prior burglary did in fact involve a dwelling "resulted from the district court making or adopting a factual finding that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication." 301 Kan. at 1039. As a result, the *Dickey* court held that the district court's person classification was constitutionally prohibited under *Descamps* and *Apprendi*. 301 Kan. at 1039.

Similar to *Dickey*, the 1990 burglary statute did not include a dwelling element. Rather, it simply defined burglary as follows:

> "[K]nowingly and without authority entering into or remaining within any: (1) Building, mobile home, tent or other structure, with intent to commit a felony or theft therein; or (2) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein." K.S.A. 1989 Supp. 21-3715.

4

Because the burglary statute in effect at the time of Baker's prior juvenile adjudication did not contain a dwelling element, the Sixth Amendment to the United States Constitution did not allow for the district court to make a factual finding as to whether or not Baker committed the burglary of a dwelling in 1990. Consequently, we must vacate Baker's sentence and remand this case for resentencing consistent with the requirements of *Dickey*, *Descamps*, and *Apprendi*.

*Failure to Hold Restitution Hearing*

Baker also contends that the district court erred by not holding a restitution hearing. In response, the State concedes that no restitution hearing was held. Instead, it is undisputed that the district court ordered that restitution be left open for 30 days and later entered an order for Baker to pay $5,000 in restitution without holding a hearing.

In *State v. Hall*, 298 Kan. 978, 986, 319 P.3d 506 (2014), the Kansas Supreme Court held that "because restitution constitutes a part of a defendant's sentence, its amount can only be set by a sentencing judge with the defendant present in open court." The *Hall* court acknowledged that a defendant may waive his or her right to be present and advised that it would be best to make sure that "a defendant's waiver appears on the record." 298 Kan. at 987-88. Here, there is no indication that Baker waived his right to a restitution hearing or to his right to be present. Thus, we must also vacate the restitution order and remand this issue to the district court.

Sentence vacated—including restitution order—and remanded for resentencing.

5