No. 104,594

STATE OF KANSAS, *Appellee*, v. ROY L. LONG, JR., *Appellant*.

(281 P.3d 176)

Opinion filed July 27, 2012.

*Rachel L. Pickering*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*David Lowden*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MORITZ, J.: Roy L. Long, Jr., appeals his sentence, arguing the sentencing court erred in including lifetime electronic monitoring in the journal entry of judgment. We dismiss this issue as moot because, as Long concedes, this error was corrected in an amended journal entry of judgment.

Long also argues that once the sentencing court pronounced sentence, it lacked jurisdiction to order restitution. Further, he contends the sentencing court erred in ordering restitution without securing his presence at a restitution hearing. We reject both of these arguments and affirm the district court's restitution order.

Long pleaded guilty to two counts of aggravated indecent liberties with a child and was sentenced to life imprisonment with a mandatory minimum term of 25 years on each count to run concurrently. The court did not order restitution at sentencing, but instead noted the file indicated the victim's parents had made one $90 payment for counseling for the victim. The court indicated it would leave the issue of restitution open for 30 days to allow the prosecutor to check with the victim's parents regarding restitution. Further, the court directed that the parties discuss restitution "and if you can't agree upon it, we can set it for hearing."

Long neither objected to the court's decision to leave restitution open nor requested a hearing. Within 10 days after sentencing, Long filed this direct appeal.

After Long filed his notice of appeal, the district court entered an order establishing restitution in the amount of $90. The order indicated there were no appearances and it was signed and "approved by" both the prosecutor and Long's counsel.

Preliminarily, the State suggests Long's notice of appeal failed to indicate he was appealing from the court's order of restitution and consequently this court lacks jurisdiction over the restitution issues. See *State v. Huff*, 278 Kan. 214, 217, 92 P.3d 604 (2004) (appellate court obtains jurisdiction only over rulings identified in the notice of appeal). But we conclude Long's notice of appeal, which stated "his intention to appeal the sentence and all adverse rulings," was sufficiently broad to include Long's restitution issues. See K.S.A. 22-3606; K.S.A. 60-2103(b); *State v. Boyd*, 268 Kan. 600, 604-08, 999 P.2d 265 (2000).

Proceeding to the merits, Long first contends the plain language of K.S.A. 2011 Supp. 22-3424(d) requires that restitution be ordered before imposition of sentence. That statute provides: "If the verdict or finding is guilty, upon request of the victim or the victim's family and *before imposing sentence*, the court shall hold a hearing to establish restitution." (Emphasis added.) Long argues that because the district court in this case imposed sentence before imposing restitution, the district court lacked jurisdiction to impose restitution.

But we rejected this argument in *State v. McDaniel*, 292 Kan. 443, 254 P.3d 534 (2011), an opinion filed after Long filed his appeal brief in this case. In *McDaniel*, we held that while K.S.A. 2011 Supp. 22-3424(d) "clearly states that a court 'shall' hold a hearing to establish restitution before imposing sentence," that language is limited to situations in which the crime victim or the victim's family has requested restitution. 292 Kan. at 446.

Further, in *McDaniel* we rejected the defendant's argument that the district court's failure to establish restitution before sentencing deprived the court of jurisdiction. Instead, we reasoned that the district court's order establishing restitution merely completed the sentence it had earlier imposed. See 292 Kan. at 448. Similarly, in this case, the restitution order, which was agreed to and signed by defense counsel, did not modify Long's sentence, but completed it. See 292 Kan. at 447-48.

Long points out that in *McDaniel*, neither the victim nor the victim's family requested restitution. But here, because the victim's parents requested restitution, Long argues K.S.A. 2011 Supp. 22-3424(d) mandated that the district court conduct a restitution hearing before sentencing. However, in *McDaniel* we concluded that even when the victim or the victim's family has requested a hearing, the language of K.S.A. 2011 Supp. 22-3424(d) providing that the "court 'shall' hold a hearing to establish restitution" is directory, not mandatory. 292 Kan. at 446-47.

In a related argument, Long argues the district court violated his constitutional right to be present at sentencing, a critical stage in his criminal proceeding, by imposing restitution without securing his presence. But Long's argument ignores the provision in K.S.A. 2011 Supp. 22-3424(d) permitting a defendant to "waive the right to the hearing and accept the amount of restitution as established by the court."

Clearly, in this case, Long waived his right to a hearing by failing to object to the district court's postponement of the restitution determination and by failing to request a restitution hearing, which was specifically offered by the district court.

Affirmed in part and dismissed in part.