No. 102,495

STATE OF KANSAS, *Appellee*, v. ANTHONY EARL HALL, *Appellant*.
(319 P.3d 506)

Opinion filed February 28, 2014.

*Jennifer E. Bazin*, of Law Office of Carol Ruth Bonebrake, PA, of Topeka, was on the brief for appellant.

*Jason E. Geier*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Anthony Earl Hall pleaded guilty to attempted rape, attempted second-degree murder, and aiding a felon. At his sentencing hearing, the district court judge sentenced Hall to a term of imprisonment and ordered restitution to remain open for 30 days. At a later hearing, the district court judge ordered Hall to pay more than $32,000 in restitution, including $469 for relocation expenses incurred by the victim of the attempted rape.

Hall appealed the district court's order of restitution on two grounds. First, he argued that the district court lacked subject matter jurisdiction to impose restitution after the first hearing. Second, and in the alternative, he argued that the victim's relocation expenses were not caused by his crime and were improper under K.S.A. 21-4603d(b)(1). In *State v. Hall*, No. 102,495, 2010 WL 5490727, at *2-6 (Kan. App. 2010) (unpublished opinion), a panel of our Court of Appeals affirmed the restitution order. Hall also unsuccessfully appealed the judge's use of his criminal history in calculating his sentence. The Court of Appeals rejected Hall's argument under *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). 2010 WL 5490727, at *6.

Hall petitioned this court for review of his restitution arguments and the *Ivory* issue.

## FACTUAL AND PROCEDURAL BACKGROUND

In late 2006, Hall, along with his two brothers, Christopher and Mike Hall, committed several violent crimes in Topeka. The State filed three cases against Hall. Under a plea agreement, Hall pleaded guilty to charges in all three cases in exchange for dismissal

of other charged conduct. A consolidated appeal of the district court's order of restitution followed.

In case 07-CR-332, the State charged Hall with alternative counts of attempted rape and sexual battery based on an attack on S.G. in November 2006. S.G. had just finished doing laundry in her apartment complex's laundry room when, as she was walking up the steps from the room, she heard someone approach from behind her. She turned around and saw Hall, a resident and maintenance worker at the complex, standing naked with an erection. Hall grabbed S.G. around her neck, covered her mouth, and pulled her back down the stairs. Hall told S.G., "Bitch you fuckin['] scream and I will fuck you up." Fearing for her life, S.G. nevertheless screamed and resisted. Hall smashed S.G.'s head against the wall twice and attempted to pull down her pants. S.G. was able to break free and run from the apartment complex. Hall ran in the opposite direction.

The charges in case 07-CR-748 were based on a Christmas Day 2006 attack carried out by Hall and his two brothers. Armed with two "giant hammer[s]" and a BB gun, the three entered the apartment of Michael Delaney and struck him and his girlfriend, Jennifer Hughes, multiple times. Delaney suffered a depressed skull fracture, subdural hematoma, and hemorrhaging. He was airlifted to a hospital in Kansas City. Hughes suffered three skull fractures from a blow to the back of her head. She required plates in her two broken hands—defensive injuries she received while trying to protect her head during the attack. The State charged Hall with aggravated robbery and two counts of attempted second-degree murder with alternative charges of aggravated battery.

In case 08-CR-568, Hall was charged with aiding a felon after he helped his brother Christopher dispose of a 15-year-old female's body in a field near Lake Shawnee. Hall helped Christopher load the body into a car. Once Hall and Christopher reached the field, Hall poured gasoline on the nude body, and Christopher set it on fire. According to the coroner's report, the victim had died as a result of a broken neck and a skull fracture and displayed injuries consistent with being kicked or stomped. A rape kit recovered se-

men from the victim's vagina, and a subsequent DNA analysis matched the semen to Christopher.

Hall pleaded guilty to attempted rape, attempted intentional second-degree murder, and aiding a felon. In exchange, the State dismissed all other charges. Hall's plea agreement stated that Hall would be responsible for restitution.

On December 19, 2008, the district judge sentenced Hall to consecutive sentences of 102 months' imprisonment for attempted rape and 102 months' imprisonment for attempted second-degree murder and a concurrent sentence of 19 months' imprisonment for aiding a felon. At the State's request, the district judge ordered restitution to remain open for 30 days. At the end of the hearing, the district judge informed Hall that he had 10 days to appeal his conviction and sentence. Hall filed his notice of appeal on December 22, 2008. Eight days later, the State filed a motion for a hearing on restitution.

On March 10, 2009, 81 days after the first hearing, the district judge held another hearing in open court with Hall and his counsel present. None of the victims or their families requested restitution at this second hearing. The State put on evidence that the Crime Victims Compensation Board (Board) had paid $5,363 for various expenses incurred by S.G., including counseling fees ($1,200), lost wages ($3,296), relocation expenses ($469), and "other" expenses ($395).

Hall's counsel objected to all but the counseling fees. Hall argued that the Board's criteria for paying expenses were broader than the extent of the court's discretion to award restitution under K.S.A. 21-4603d(b)(1) and that the contested expenses were not caused by the crime.

The district judge determined that Hall's crime was a "direct cause" of the lost wages and relocation expenses and ordered Hall to pay $4,965. According to the judge, the "other" expenses were too vague to determine any causal link to the crime. The judge also ordered Hall to pay a total of $27,109.67 in restitution in connection with the attack on Delaney and Hughes. The judge deferred his determination of a restitution amount for Hall's aiding of a felon. It is unclear from the record on appeal and the parties' briefs

whether the district judge ever ordered Hall to pay restitution as a result of that crime; neither side argues about it; and we therefore disregard the judge's statement that consideration of the issue was deferred.

Before the Court of Appeals, Hall initially argued that the district judge lacked subject matter jurisdiction to order restitution because he unlawfully modified the sentence imposed during the first hearing. The Court of Appeals panel held that this court's decision in *State v. Cooper*, 267 Kan. 15, 997 P.2d 960 (1999), controlled. *Hall*, 2010 WL 5490727, at *2. Under *Cooper*, a district court could order restitution at sentencing but had discretion to set the amount of restitution at a later date. 267 Kan. at 18.

Hall also argued in the alternative to the Court of Appeals that the $469 for S.G.'s relocation expenses were improper under K.S.A. 21-4603d(b)(1). The panel noted that the statute required a district judge's order of restitution to " 'include, *but not be limited to*, damage or loss caused by the defendant's crime . . . .' " *Hall*, 2010 WL 5490727, at *4. Accordingly, a majority held that a causal link between a defendant's crime and a victim's loss was dispensable. Having so held, the majority nevertheless concluded that S.G.'s relocation expenses were "actually and proximately caused" by Hall's crime of attempted rape. 2010 WL 5490727, at *6. In a concurring opinion, Judge G. Gordon Atcheson agreed with the majority that S.G.'s moving expenses were reasonable and caused by Hall's crime. He said he "would leave for other cases and other circumstances any additional discussion of what may or may not be allowable as restitution costs under Kansas law." 2010 WL 5490727, at *6 (Atcheson, J., concurring).

The panel unanimously rejected Hall's *Ivory* argument. 2010 WL 5490727, at *6.

This court granted Hall's petition for review.

## DISCUSSION

*Subject Matter Jurisdiction to Set Restitution Amount*

"Statutory interpretation and the determination of jurisdiction involve questions of law over which this court's scope of review is

unlimited." *State v. Burnett*, 297 Kan. 447, 451, 301 P.3d 698 (2013).

"Sentencing in a criminal proceeding takes place when the trial court pronounces the sentence from the bench." *State v. Jackson*, 291 Kan. 34, 35, 238 P.3d 246 (2010). Once a legal sentence has been pronounced from the bench, the sentencing court loses subject matter jurisdiction to modify that sentence except to correct arithmetic or clerical errors. See *State v. Guder*, 293 Kan. 763, 766, 267 P.3d 751 (2012); K.S.A. 21-4721(i). Restitution constitutes part of a criminal defendant's sentence. *State v. McDaniel*, 292 Kan. 443, 446, 254 P.3d 534 (2011). At the time of the proceeding in the district court, a defendant had 10 days after the judgment to appeal. K.S.A. 22-3608(c).

In its decision affirming Hall's restitution amount, the Court of Appeals panel was duty bound to follow this court's precedent absent some indication that this court intended to depart from its prior position. See *Friends of Bethany Place v. City of Topeka*, 297 Kan. 1112, 1130, 307 P.3d 1255 (2013). The panel thus applied this court's 1999 *Cooper* decision to hold that the district judge had discretion to extend the time to set a restitution amount, once restitution had been ordered in the first hearing. *Hall*, 2010 WL 5490727, at *3.

In *Cooper*, a district judge sentenced defendant Susieanna Cooper to 2 years' presumptive probation and ordered her to pay restitution, " 'with that amount to be determined within 30 days.' " 267 Kan. at 16. Nearly 6 months later, the State produced the documentation necessary to determine the restitution amount, and the district judge set the amount at $2,500. Cooper appealed. A panel of the Court of Appeals held that the district judge lacked jurisdiction to modify the sentence. This court reversed, holding that a district judge who timely ordered restitution had discretion to extend the time to set an amount. 267 Kan. at 18-19. At sentencing, Cooper "was put on notice that she would be required to pay an undetermined amount of restitution," and the order of a restitution amount later was within the district judge's "substantial discretion." 267 Kan. at 18.

Hall recognizes this court's decision in *Cooper*, but he argues that this court's later decision in *State v. Anthony*, 274 Kan. 998, 58 P.3d 742 (2002), and the Court of Appeals' still later decision in *State v. Trostle*, 41 Kan. App. 2d 98, 201 P.3d 724 (2009), cast doubt on *Cooper's* continuing validity. Both *Anthony* and *Trostle* stated the "general rule" that a court may not alter a sentence after pronouncement. See *McDaniel*, 292 Kan. at 447.

The same argument Hall makes here was before this court in 2011's *McDaniel*. We did not reach its merits in that case because the particular facts of the case did not require us to do so.

In *McDaniel*, the district court held two hearings addressing restitution. At the first hearing, the district judge sentenced defendant David McDaniel to 34 months' incarceration. When the judge mentioned restitution, McDaniel objected to the presentence investigation report's restitution amount of $21,269.06. The State and McDaniel agreed to appear at a later hearing to address the restitution amount. The judge then concluded the first hearing by informing McDaniel of his right to appeal within 10 days of the hearing.

At the second hearing, described by the prosecutor as a continued sentencing hearing, the judge ordered McDaniel to pay $7,744.26 in restitution.

On appeal, McDaniel argued that the district judge lacked subject matter jurisdiction to impose restitution because sentencing was complete at the first hearing. We rejected the argument, holding that McDaniel's sentence was not complete until the conclusion of the second hearing. The second hearing, agreed to by both parties, came after a "functional continuance." 292 Kan. at 448. Thus "[t]he district judge's restitution order altered nothing about McDaniel's sentence; it merely completed it." 292 Kan. at 448. This court also noted that the district judge "erred in reciting a deadline for notice of appeal that fell between the first and second hearings," *i.e.*, a deadline occurring before McDaniel's sentence was final. 292 Kan. at 448.

Because the restitution amount for McDaniel was set during a continuation of his sentencing hearing, we viewed the holding of *Cooper* as inapplicable. 292 Kan. at 447-48 ("We leave consider-

ation of the substance of McDaniel's criticism and synthesis of *Trostle, Anthony,* and *Cooper* for another day, because the facts before us simply do not support an argument that any change in sentence took place."). Thus *McDaniel* merely affirmed two commonly accepted principles of law: First, a district judge may continue a sentencing hearing. *Cf. State v. Beaman,* 295 Kan. 853, 863, 286 P.3d 876 (2012) (decision to grant continuance lies within sound discretion of district court). And, second, "[t]he judgment in a criminal case becomes effective, and the time period for appeal starts running, when the defendant's sentence is pronounced from the bench." *State v. Wilson,* 15 Kan. App. 2d 308, 310, 808 P.2d 434 (1991).

The fact that *McDaniel* involved an explicitly continued or bifurcated sentencing hearing was central to its holding. Recent cases in this court and the Court of Appeals have not necessarily focused on this distinction and may have unintentionally extended *McDaniel* beyond its peculiar facts. See *State v. Rojas-Marceleno,* 295 Kan. 525, 548-49, 549, 285 P.3d 361 (2012); *State v. Long,* 294 Kan. 939, 941, 281 P.3d 176 (2012); *State v. Hannebohn,* 48 Kan. App. 2d 921, 926-28, 301 P.3d 340 (2013). For instance, in *Hannebohn,* a panel of the Court of Appeals labeled the two hearings in *McDaniel* a "sentencing" hearing followed by a "restitution" hearing. Based on these labels, the panel concluded that *"McDaniel* makes it clear that restitution is part of a defendant's sentence and a restitution hearing conducted by the district court after a sentencing term is imposed 'complete[s]' the defendant's sentence." *Hannebohn,* 48 Kan. App. 2d at 928. More precisely, *McDaniel* simply acknowledged the self-evident proposition that a continued hearing completes an earlier hearing, including the imposition of sentence those hearings effect. *McDaniel* did not analyze the jurisdiction issue that could arise when a judge uses a subsequent hearing to change a defendant's sentence.

In this case, we have what was clearly understood to be a sentencing hearing followed by what was clearly understood to be a restitution hearing. All parties agree that the only issue to resolve at the second hearing was the amount of restitution Hall would be required to pay. There was no explicit statement by the parties or

by the judge that the second hearing was a continuation or a bifurcated portion of the sentencing hearing. The issue that narrowly escaped our review in *McDaniel* is now squarely before us.

Several lines of precedent affect our resolution of the restitution jurisdiction question. First, a criminal sentence is effective upon pronouncement from the bench, and a trial court lacks jurisdiction to modify the sentence thereafter. See, *e.g.*, *State v. McKnight*, 292 Kan. 776, 779, 257 P.3d 339 (2011). Second, restitution constitutes a part of a criminal defendant's sentence. *McDaniel*, 292 Kan. at 446. Third, Kansas has a clear policy against piecemeal appeals. See, *e.g.*, *In re Adoption of Baby Girl P.*, 291 Kan. 424, 429, 242 P.3d 1168 (2010) ("[P]iecemeal appeals are discouraged and are considered exceptional."). Fourth, no appeal may be taken until judgment is final. See K.S.A. 22-3601; K.S.A. 22-3608. Fifth, the timely filing of a notice of appeal ordinarily is jurisdictional, and the failure to file such a notice results in dismissal of the appeal. See *State v. Patton*, 287 Kan. 200, 206, 195 P.3d 753 (2008).

As discussed above, *McDaniel* did not expressly reach the effect *Anthony* and *Trostle* may have had on the continued viability of *Cooper*. But, in light of what the holding in *McDaniel* did do, *i.e.*, reinforce that restitution constitutes a part of a defendant's sentence, we now recognize that the temporal and procedural discretion lodged in district judges for the purpose of setting restitution amounts as outlined in *Cooper* was virtually limitless and is unacceptable. This court's assumption in *Cooper* that a defendant's sentencing was completed before a judge set a final restitution amount coupled with its holding that the amount could nevertheless be ordered later was rightly called into question by *Anthony* and *Trostle*. We now hold that, because restitution constitutes a part of a defendant's sentence, its amount can only be set by a sentencing judge with the defendant present in open court. Until any applicable restitution amount is decided, a defendant's sentencing is not complete.

This is not to say that a sentencing hearing can never be continued or bifurcated so that parts of a sentence are handed down one day and other parts another. Restitution may be ordered on one date and the amount set on another. Subject matter jurisdiction

persists. We recognize that establishing the proper amount of restitution can take some time. Documentation may be difficult to obtain from nonparties, as in *Cooper*; or treatment for a victim may involve ongoing expenses. A sentencing judge must balance these realities against a defendant's legitimate due process interest in speedy adjudication and a timely opportunity to appeal his or her conviction and sentence. See K.S.A. 22-3424(c) ("judgment shall be rendered and sentence pronounced without unreasonable delay"). Should the State or the district judge postpone completion of sentencing too long, a defendant may move to expedite or seek a writ of mandamus. Extreme cases may warrant sanctions to be imposed.

We recognize that our holding today may be criticized by purists as too pragmatic. But there are graver sins. The uniform procedure we outline today strikes a healthy balance. It will provide an incentive to the State and victims to decide on the amount of restitution they seek sooner rather than later, and it will preserve the defendant's ability to challenge any amount sought, if necessary.

We also believe our decision realistically appreciates that there generally have been no magic words for a district judge to recite to effect a continuance of a sentencing hearing for setting a restitution amount. In the past, judges have often spoken in terms of "holding jurisdiction open" for some period or have used some variation of that phrase. Such language, combined with a later order of an amount certain of restitution, has acted under *Cooper* as a functional continuance of the defendant's sentencing hearing. In the future, the expected practice for a sentencing judge will be an explicit and specific order of continuance for the purpose of determining the amount of restitution or whatever other aspect of sentencing remains incomplete.

In addition, any completion of sentencing must take place in the defendant's presence in open court. K.S.A. 22-3405(1); *State v. Frierson*, 298 Kan. 1005, 319 P.3d 515 (2014); *State v. Charles*, 298 Kan. 993, 318 P.3d 977 (2014); see *State v. Herbel*, 296 Kan. 1101, 1106, 299 P.3d 292 (2013). As is the case with other critical stages of criminal proceedings, a defendant may waive his or her right to be present at a continued sentencing hearing, but a district

judge would be well advised to see that a defendant's waiver appears on the record. See *Frierson*, 298 Kan. at 1020-21; *Charles*, 298 Kan. at 1002. In this case, the presence of the defendant in open court is not in issue, because the district judge held two hearings in open court and Hall was present for both.

One last point bears mention. We acknowledge that much of our discussion thus far, with obvious exceptions, tracks the Court of Appeals' decision in *Hannebohn*. We part company with that opinion, however, when it implies that a notice of appeal filed before a restitution amount has been set presents an appellate jurisdictional bar to review of the amount. 48 Kan. App. 2d at 345-46. Obviously, this was not the case in *McDaniel*, in which the merits of the restitution issue were examined despite filing of the notice of appeal between the initial and continued hearings. We note that Kansas Supreme Court Rule 2.03 (2013 Kan. Ct. R. Annot. 11) allows for premature notices of appeal in civil matters. Under Rule 2.03(a) (2013 Kan. Ct. R. Annot. 11), "[a] notice of appeal that complies with K.S.A. 60-2103(b)—filed after the district court announces a judgment to be entered, but before the actual entry of judgment—is effective if it identifies the judgment or part of the judgment from which the appeal is taken . . . ." Similarly, we hold that, in a criminal matter, where judgment is effective once pronounced from the bench, a premature notice of appeal that seeks review of a conviction and sentencing yet to be completed lies dormant until final judgment including the entire sentence is pronounced from the bench. At that point, the notice of appeal becomes effective. See *Long*, 294 Kan. at 940 (notice of appeal stating " 'intention to appeal the sentence and all adverse rulings' " sufficiently broad to include restitution issues). Hall's notice of appeal filed between his first and second hearing became effective upon the district judge's completion of his sentencing at the second hearing setting the restitution amount. As in *McDaniel*, the district judge had erred in reciting a deadline for Hall's notice of appeal that fell between the first and second hearings.

*Relocation Expenses*

In a recent decision, we reviewed our standards of review on restitution awards:

"[W]e have previously set out at least three potentially applicable standards guiding appellate review of restitution awards. See *State v. Dexter*, 276 Kan. 909, 912-13, 80 P.3d 1125 (2003). Issues regarding the amount of restitution and the manner in which it is made to the aggrieved party are normally subject to review under an abuse of discretion standard. *State v. Hunziker*, 274 Kan. 655, 659-60, 56 P.3d 202 (2002). A district judge's factual findings underlying the causal link between the crime and the victim's loss are subject to a substantial competent evidence standard of review. *State v. Goeller*, 276 Kan. 578, Syl. ¶ 1, 77 P.3d 1272 (2003). And this court has unlimited review over interpretation of statutes. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003)." *State v. Hand*, 297 Kan. 734, 736-37, 304 P.3d 1234 (2013).

Restitution is governed by two statutes: K.S.A. 21-4603d(b)(1) (restitution ordered as part of disposition other than probation) and K.S.A. 21-4610(d)(1) (restitution ordered as condition of probation).

K.S.A. 21-4603d(b)(1), applicable to this case, provides:

"[T]he court shall order the defendant to pay restitution, which shall include, *but not be limited to*, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable." (Emphasis added.)

For reference, K.S.A. 21-4610(d)(1) provides:

"(d) In addition to any other conditions of probation, suspension of sentence or assignment to a community correctional services program, the court shall order the defendant to comply with each of the following conditions:
(1) Make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court, unless the court finds compelling circumstances which would render a plan of restitution unworkable."

Both statutes grant authority to a district court to order restitution for "damage or loss caused by the defendant's crime." By its express language, however, K.S.A. 21-4603d(b)(1) also grants authority to the district court to impose restitution beyond such loss.

This distinction between the statutes has not always been articulated. In *State v. Goeller*, 276 Kan. 578, 580-81, 77 P.3d 1272

(2003), for example, a case addressing restitution ordered under K.S.A. 2002 Supp. 21-4603d(b)(1), we stated that " '[i]n Kansas, restitution for a victim's damages or loss depends on the establishment of a causal link between the defendant's unlawful conduct and the victim's damages.' " 276 Kan. at 580-81 (quoting *State v. Hunziker*, 274 Kan. 655, Syl. ¶ 9, 56 P.3d 202 [2002] [discussing K.S.A. 21-4610(d)(1)]). But, the *Goeller* pronouncement was a function of the limited arguments made in that case. The defendant in *Goeller* focused on the phrase "caused by the defendant's crime" and asserted that none of his crimes of conviction caused the victim's injuries and related expenses. This court disagreed, holding substantial competent evidence supported the district court's factual finding of a causal link and affirming the restitution order. Because we held restitution was proper as a result of the causal link between the crime and the damage or loss argued by the State, the nonrestrictive language of K.S.A. 21-4603d(b)(1) was not in issue. 276 Kan. at 581-83.

We have not since addressed the scope of the nonrestrictive language in K.S.A. 21-4603d(b)(1) on which the Court of Appeal majority opined. And again here, as recognized by Judge Atcheson, based on the parties' arguments and the facts of Hall's case, we need not reach its potential effect or possible policy implications.

Like the defendant in *Goeller*, Hall focuses exclusively on the "damage or loss caused by the defendant's crime" language of K.S.A. 21-4603d(b)(1) and asserts that S.G.'s relocation expenses do not fit within it. The State agrees in this case that "restitution is only appropriate for damages that are caused directly by the criminal conduct of a defendant."

To the extent that a restitution award under K.S.A. 21-4603d(b)(1) involves damage or loss caused by a defendant's crime, K.S.A. 21-4610(d)(1) cases are instructive. See *Hand*, 297 Kan. at 739 (addressing K.S.A. 21-4610[d][1]; lynchpin causation). Although not all tangential costs incurred as a result of a crime should be the subject of restitution, see *State v. Beechum*, 251 Kan. 194, 203, 833 P.2d 988 (1992), there is no requirement that the damage or loss be "directly" caused by the defendant's crime. See *Hand*, 297 Kan. at 739.

Here, the district court heard testimony that law enforcement recommended S.G.'s relocation for her "safety" and "to save her from possible harm." Hall was a maintenance worker at S.G.'s apartment complex where the attack took place. The attack on S.G. was a sexually violent offense, and she suffered physical injuries as a result. The disputed restitution amount covered the cost of a U-Haul rental and a deposit on a new apartment. The district court distinguished between relocation costs and "other" expenses, awarding restitution for the former but not the latter. The modest relocation expenses that S.G. incurred can fairly be regarded as caused by Hall's crime of attempted rape, and we therefore hold that substantial competent evidence supported the district judge's causation determination. The restitution award was proper under K.S.A. 21-4603d(b)(1), even if it required a causal link to a defendant's crime.

Finally, on this issue, we also note that the panel majority included a categorical analysis on moving expenses, *i.e.*, it looked to other jurisdictions to see how moving expenses as a category were treated when ordered as part of restitution. We recently frowned upon such an approach in *Hand*, 297 Kan. at 739, where we declined to follow *State v. Caldwell*, No. 89,276, 2004 WL 324142 (Kan. App. 2004) (unpublished opinion) (insurance premium increases not properly included in restitution award as matter of law).

*Use of Criminal History to Support Sentencing*

"The interpretation of a sentencing statute is a question of law over which this court exercises unlimited review." *State v. Ardry*, 295 Kan. 733, 735, 286 P.3d 207 (2012).

Hall contends that the use of his criminal history for sentencing purposes, without proving his criminal history to a jury beyond a reasonable doubt, increased his maximum possible penalty for his primary offense in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). This issue has already been decided adversely to Hall numerous times and is without merit. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). Hall acknowledges as much and includes the issue in order to preserve it for federal review.

## CONCLUSION

The district court had subject matter jurisdiction to set the amount of Hall's restitution, and substantial competent evidence supported the judge's inclusion of moving expenses for one of Hall's victims in that amount.

The judgment of the district court is affirmed. The decision of the Court of Appeals is affirmed on a somewhat different rationale.