NOT DESIGNATED FOR PUBLICATION

No. 114,621

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ORVAL NATHAN RAY,
*Appellant*.


MEMORANDUM OPINION


Appeal from Cowley District Court; JOHN E. SANDERS, judge. Opinion filed May 6, 2016. Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).


Before GARDNER, P.J., LEBEN, J., and HEBERT, S. J.


*Per Curiam*:  Orval Nathan Ray appeals the district court's denial of his motion to correct an illegal sentence. But Ray's motion is based on a case that has been overruled, defeating his claim of error. Accordingly, we affirm the denial of his motion.


We accepted this appeal for summary disposition under K.S.A. 2015 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67), based on Ray's unopposed motion for this non-briefing disposition.


On June 20, 1997, a jury convicted Ray of one count kidnapping (a severity level 3 person felony), one count aggravated robbery (a severity level 3 person felony), one count conspiracy to commit aggravated robbery (a severity level 5 nonperson felony),

1

and one count aggravated burglary (a severity level 5 person felony). The district court initially sentenced Ray to a total of 275 months' imprisonment with 36 months' postrelease supervision.

Ray's presentence investigation report included in his criminal history four 1980 Kansas convictions classified as person felonies, among other convictions. These person felonies consisted of two counts aggravated robbery and two counts robbery. The sentencing court found Ray's criminal history score was an A.

Then, in March 2000, the district court resentenced Ray to 194 months' imprisonment for kidnapping, plus a consecutive sentence of 64 months for robbery and aggravated burglary, with 36 months' postrelease supervision.

Ray filed a motion to correct an illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court* order September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). Ray claimed that all of his prior pre-Kansas Sentencing Guidelines Act (KSGA) felony convictions should be reclassified for sentencing purposes as nonperson felonies, even though all of his prior convictions were in-state convictions. The district court correctly found that our Supreme Court modified its original ruling in *Murdock*. As per the modification, in-state pre-KSGA crimes were excluded from the ruling that they should be classified as nonperson felonies. The district court summarily denied Ray's motion, finding *Murdock* did not apply. Ray timely appeals.

On appeal, Ray reasserts his argument that the district court erred by classifying his pre-KSGA convictions as person crimes. He further contends the district court failed to use the correct criminal history score of E for purposes of sentencing. As Ray acknowledges, however, *Keel* is clear precedent contrary to his argument. This court is duty-bound to follow Kansas Supreme Court precedent unless there is some indication

2

the court is departing from its previous position. See *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). There is no indication our Supreme Court is departing from its position in *Keel*. Therefore, the district court did not err by denying Ray's motion to correct an illegal sentence.

Furthermore, *Murdock* provides no basis for relief because it was specifically overruled by *Keel*. See *Keel*, 302 Kan. 560, Syl. ¶ 9. The *Keel* court ruled that when designating a pre-KSGA conviction as a person or nonperson crime in the criminal history, the court must consider how the crimes would have been classified based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed. *Keel*, 302 Kan. 560, Syl. ¶¶ 8-9.

At the time Ray committed his current crime, both aggravated robbery and robbery were scored as person offenses in Kansas. See K.S.A. 21-3427 (Furse 1995) and K.S.A. 21-3426 (Furse 1995). Accordingly, we conclude the district court did not err by denying Ray's motion to correct an illegal sentence.

Affirmed.