NOT DESIGNATED FOR PUBLICATION

No. 114,173

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL PHILLIPS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed July 1, 2016. Affirmed in part and dismissed in part.

*Michael P. Whalen* and *Krystle M.S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MCANANY, P.J., HILL and BRUNS, JJ.


*Per Curiam*: Michael Phillips appeals from the district court's decision denying his K.S.A. 60-1507 motion and his motion to reconsider the denial of his K.S.A. 60-1507 motion. Because Phillips did not timely file his motion to reconsider, the district court did not err in denying it. Moreover, the filing of the motion to reconsider did not toll the time for filing a notice of appeal, and we do not have jurisdiction to consider any appeal from the denial of his K.S.A. 60-1507 motion. Thus, we affirm in part and dismiss in part.

1

FACTS

On December 15, 2008, a jury found Phillips guilty of one count of first degree murder, two counts of attempted aggravated robbery, and one count of criminal possession of a firearm. About a month later, the district court imposed a life sentence with a 20-year minimum plus 81 months in the custody of the department of corrections. In addition, the district court sentenced Phillips to lifetime postrelease supervision. On direct appeal, the Kansas Supreme Court affirmed Phillips' convictions but vacated the district court's imposition of lifetime postrelease supervision. *State v. Phillips*, 295 Kan. 929, 287 P.3d 245 (2012). Thereafter, the district court resentenced Phillips consistent with the Kansas Supreme Court's mandate.

On November 14, 2013, Phillips filed a motion pursuant to K.S.A. 60-1507. In his motion, Phillips argued that he was being held in custody unlawfully because his "[d]efense counsel failed to investigate shot that killed victim[;] forensics will show that petitioner did not fire kill shot." He also argued that his "[d]efense counsel failed to provide adequate assistance at critical stage of trial." In addition, Phillips argued that his defense counsel was ineffective for failing to argue for a lesser included offense and to reserve a theory of defense. He also argued that the State was required to prove beyond a reasonable doubt that he fired the shot that killed the victim, and a proper investigation would have proved that a different gun, shot by someone other than him, killed the victim.

On December 30, 2013, before receiving any response from the State, the district court entered an order summarily denying Phillips' motion, stating only that it did not "constitute sufficient grounds to support [a] 1507." Over 10 months later, on November 10, 2014, Phillips filed a pro se motion for reconsideration. He also filed a pro se notice of appeal on February 24, 2015, but it does not appear that this appeal was ever docketed. On July 9, 2015, the district court denied Phillips' motion for reconsideration. The same

day, the district court also denied a "Motion for Meaningful Review," finding that its prior ruling was sufficient. Thereafter, Phillips filed a notice of appeal.

On August 20, 2015, this court issued an order to show cause why this appeal should not be dismissed for lack of jurisdiction because Phillips' motions to reconsider were not filed within the time limits allowed in K.S.A. 2015 Supp. 60-259 and the notice of appeal was not filed within 30 days of the entry of judgment as required by K.S.A. 2015 Supp. 60-2103(a). Phillips responded, stating that he had repeatedly asked the district court to fully consider the issues raised in his K.S.A. 60-1507 motion. Specifically, he asked that this court consider a letter he wrote to the district court on January 6, 2014, to constitute a timely motion to reconsider. Attached to Phillips' response was a letter he had filed in his K.S.A. 60-1507 case on January 6, 2014. This letter, however, is not included in the record on appeal.

The State responded to the order to show cause by arguing that the documents mentioned by Phillips in his response to the show cause order should not be considered because they did not constitute notices of appeal. Accordingly, the State argued that this court should dismiss the appeal as being untimely because the only notice of appeal in the record was untimely. The appeal was retained but only on the issue of whether the motion to reconsider was appropriately denied by the district court.

ANALYSIS

We review the denial of a motion to reconsider for abuse of discretion. *Miller v. Johnson*, 295 Kan. 636, 677, 289 P.3d 1098 (2012); see also *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89 P.3d 536 (2004) (stating that in Kansas, motions to reconsider are generally treated as motions to alter or amend under K.S.A. 60-259[f]). The party claiming that the district court abused its discretion bears the burden of

3

showing that judicial discretion was abused. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

A district court abuses its discretion if its action:

"(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Supreme Court Rule 183 (2015 Kan. Ct. R. Annot. 271) discusses the procedures that apply to K.S.A. 60-1507 motions. Specifically, subsection (j) states: "Judgment. The court must make findings of fact and conclusions of law on all issues presented." Rule 183 (2015 Kan. Ct. R. Annot. 273). Phillips argues that the district court's decision on his motion for reconsideration was insufficient under Rule 183(j), but he cites no authority for his position that a district court's ruling on a motion to reconsider must also meet the requirements of Rule 183(j). Moreover, the plain language of Rule 183(j) appears to apply only to decisions on the merits of K.S.A. 60-1507 motions and does not mention motions to reconsider. Although failure to follow Rule 183(j)'s requirements may be a reason for a district court to grant a motion for reconsideration, we find that the district court is not required by Rule 183(j) to make specific findings of fact and conclusions of law when denying a motion to reconsider.

To the extent that Phillips is arguing that the district court abused its discretion by denying his motions to reconsider because the initial ruling was insufficient under Rule 183(j), it is important to note that his motion to reconsider was not timely filed. As indicated above, we generally treat motions to reconsider as motions to alter or amend judgment. See *Exploration Place, Inc.*, 277 Kan. at 900. K.S.A. 2015 Supp. 60-259(f)

4

provides a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Phillips candidly admits that he filed his motion to reconsider on November 10, 2014, nearly 11 months after the district court entered its initial order. Furthermore, he does not argue in his brief that we should consider his January 6, 2014, letter to the district court to be a timely motion to reconsider. Thus, we find that the district court properly denied the motion because it was filed out of time under K.S.A. 2015 Supp. 60-259(f).

Moreover, we note that only *timely* posttrial motions stop the appeal time from running. K.S.A. 2015 Supp. 60-2103(a); see also *Bank of America v. Inda*, 48 Kan. App. 2d 658, 662, 303 P.3d 696 (2013). Here, Phillips' motion to reconsider was not filed until well after the 28 days of the judgment he wanted the court to reconsider. As such, the motion to reconsider did not toll the time for filing a notice of appeal as to the denial of his K.S.A. 60-1507 motion. See K.S.A. 2015 Supp. 60-2103(a) (stating that an appeal must be filed within 30 days from entry of the judgment); *State v. Hall*, 298 Kan. 978, 986, 319 P.3d 506 (2014) (stating that the timely filing of a notice of appeal ordinarily is jurisdictional and the failure to file a timely notice results in dismissal of the appeal).

We, therefore, conclude that this court does not have jurisdiction to consider Phillips' appeal from the denial of his K.S.A. 60-1507 motion and that the district court did not abuse its discretion in denying Phillips' motion to reconsider because it was filed out of time.

Affirmed in part and dismissed in part.