NOT DESIGNATED FOR PUBLICATION

No. 118,054

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CARLOS REYES,
*Defendant*,

and

BIG MIKE'S BAIL BONDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed August 3, 2018. Affirmed.

*Jess W. Hoeme*, of Joseph, Hollander & Craft LLC, of Wichita, for appellant.

*Thomas J. Weilert*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., STANDRIDGE, J., and RYAN W. ROSAUER, District Judge, assigned.

PER CURIAM:  Big Mike's Bail Bonds (Surety) was the surety for a bond posted in a criminal case for Carlos Reyes. When Reyes did not appear for trial, the bond was forfeited. The State moved for judgment on the bond forfeiture, which the district court granted. On appeal, Surety claims the district court erred in denying its request to sever the forfeiture action from the underlying criminal matter and in entering judgment on the

1

bond forfeiture without first allowing Surety to present a case in opposition to the motion for judgment. Surety also claims that the court erroneously quashed subpoenas it served on an assistant district attorney and a deputy sheriff. Finding no error, we affirm.

FACTS

In June 2016, Reyes was charged with indecent liberties with a child and aggravated burglary. Bond was set at $100,000. Surety posted an appearance bond for Reyes, who then was released from custody. The bond guaranteed Reyes' appearance at the district court's direction. Reyes did not appear for his December 12, 2016 trial date, so the court ordered the forfeiture of Reyes' bond and issued a warrant for his arrest.

The State filed a motion for judgment against both Reyes and Surety on the bond forfeiture. Surety moved to sever the forfeiture action from the underlying criminal matter and served subpoenas on Assistant District Attorney Randall Hubert and Deputy Sheriff Steve Saffell.

On April 27, 2017, the State filed a motion to quash the subpoena served on Hubert. The district court held a hearing on the State's motion later that day. After argument by the parties, the district court quashed the subpoena.

On May 12, 2017, the State filed a motion to quash the subpoena served on Deputy Saffell. On May 19, 2017, the district court held a hearing on the State's motion for judgment on the bond forfeiture, Surety's motion to sever the forfeiture actions from the underlying criminal matter, and the State's motion to quash the subpoena served on Saffell. After Surety proffered evidence in support of severance and in opposition to judgment on the forfeiture, counsel argued their respective positions on the motions before the court. The court took the matter under advisement and later that day issued an order denying Surety's motion to sever the forfeiture action, granting the State's motion

for judgment on the bond forfeiture, and finding the State's motion to quash the subpoena served on Saffell was moot. Surety appeals.

JURISDICTION

As a preliminary matter, the State contends this court lacks jurisdiction because there was no final judgment in the criminal case. Whether this court has jurisdiction is a question of law over which we exercise unlimited review. See *State v. Hall*, 298 Kan. 978, 982-83, 319 P.3d 506 (2014).

A surety is in an unusual position in a criminal case. The parties to a criminal case are the State and the defendant. The surety is a third party who posts a bond on the defendant's behalf as an assurance that the defendant will appear before the court. The surety agrees to forfeit the bond amount if the defendant defaults on the terms of the bond. See *State v. Dahmer*, No. 99,384, 2009 WL 2242422, at *1 (Kan. App. 2009) (unpublished opinion).

The district court has jurisdiction over a surety within the criminal action. K.S.A. 2017 Supp. 22-2807(4) states, in relevant part:

> "By entering into a bond the obligors submit to the jurisdiction of any court having power to enter the judgment upon default and irrevocably appoint the clerk of that court as their agent upon whom any papers affecting their liability may be served."

The Kansas Criminal Code clearly provides for a judgment to be entered against the surety in a criminal matter. But the State does not challenge the district court's jurisdiction as set forth K.S.A. 2017 Supp. 22-2807(4); instead, it claims the appellate court does not have jurisdiction to entertain the Surety's appeal until the underlying criminal judgment is final. The State argues the criminal judgment in this particular case is not final because Reyes has not been convicted and sentenced.

3

It is true that the defendant may not appeal in a criminal case until he or she is sentenced. See, e.g., *Hall*, 298 Kan. at 985 ("'[J]udgment in a criminal case becomes effective, and the time period for an appeal starts running, when the defendant's sentence is pronounced from the bench.'"). But that rule does not prevent this court from hearing an appeal from a surety on a judgment that is final *as to the surety*. The State acknowledges that this court has heard appeals from cases in which judgment is entered against a surety. See, e.g., *State v. Anguiano*, No. 100,717, 2009 WL 3082586, at *1-2 (Kan. App. 2009) (unpublished opinion).

This court has jurisdiction to review final decisions from the district court. See K.S.A. 2017 Supp. 22-3601(a) ("Any appeal permitted to be taken from a district court's final judgment in a criminal case shall be taken to the court of appeals, except in those cases reviewable by law in the district court or in which a direct appeal to the supreme court is required."). Here, the district court ordered judgment on the bond forfeiture against Surety. Because the decision was final as to the surety, we have jurisdiction to consider the appeal.

ANALYSIS

Having resolved the issue of jurisdiction, we turn to the three arguments presented by Surety on appeal:  (1) The district court erred by granting the State's motion for judgment on the bond forfeiture, (2) the district court erred by quashing Surety's subpoena to Hubert, (3) the district court erred in finding as moot the motion to quash the subpoena served on Deputy Saffell. We address each of Surety's arguments in turn.

*Judgment on the bond forfeiture*

The crux of Surety's argument on this issue is that the district court entered judgment on the bond forfeiture without first severing the forfeiture action from the

4

underlying criminal matter, which deprived Surety the opportunity to present a viable defense. Forfeiture of appearance bonds is governed by K.S.A. 2017 Supp. 22-2807, which provides a specific framework to enforce forfeiture of a surety bond. Relevant here are the following provisions of the statute:

K.S.A. 2017 Supp. 22-2807(1)

- The district court is required by statute to declare a bond forfeited when the "defendant fails to appear as directed by the court and guaranteed by an appearance bond."

K.S.A. 2017 Supp. 22-2807(3)

- The district court *has discretion* to set aside such a forfeiture if it appears that justice does not require its enforcement.
- The district court *must* set aside a forfeiture if, prior to entering judgment on the forfeiture, the surety can prove that the defendant is incarcerated somewhere within the United States.

K.S.A. 2017 Supp. 22-2807(4)

- When a forfeiture has not been set aside and the State has filed a motion requesting it, the district court is required by statute to enter a judgment of default on the forfeiture.
- The State's motion for judgment and notice of hearing must be served on the clerk of the court and, in turn, the clerk of the court must mail copies of the motion and notice of hearing to the obligors at their last known addresses.
- "No judgment may be entered against the obligor in an appearance bond until more than 60 days after notice is served as provided herein."

5

On December 12, 2016, Reyes failed to appear for trial as directed. On that same day, the district court complied with K.S.A. 2017 Supp. 22-2807(1) by ordering forfeiture of Reyes' bond, which was guaranteed by Surety. On January 21, 2017, the State filed a motion for judgment on the bond forfeiture. Pursuant to K.S.A. 2017 Supp. 22-2807(4), the State's motion for judgment and notice of hearing was served on the clerk of the court and, in turn, the clerk of the court mailed Surety copies of the motion for judgment and the notice of hearing. The original hearing date was set for March 24, 2017, which was scheduled more than 60 days after notice was served as required by K.S.A. 2017 Supp. 22-2807(4).

At some point while the State's motion was pending, Surety's attorney contacted the district attorney's office to tell it that Surety believed Reyes was in Mexico. Surety asked whether the district attorney's office intended to extradite Reyes. The district attorney's office refused to engage with Surety's attorney. Given this refusal, Surety served a subpoena on Hubert seeking any records relating to the district attorney's decision on whether the district attorney planned to extradite Reyes. The State moved to quash the subpoena. Finding that the requested documents were privileged, work product, and irrelevant to judgment on the bond forfeiture, the district court granted the State's motion to quash.

Surety also served a subpoena on Deputy Saffell with the Sedgwick County Sherriff's Department seeking any correspondence with the district attorney's office about the same issue. The State filed a motion to quash the subpoena.

On May 19, 2017, the district court held a hearing on the State's motion for judgment on the bond forfeiture, Surety's motion to sever the issue of forfeiture from the underlying criminal matter, and the State's motion to quash the subpoena served on Saffell. As argued in its motion, Surety asked the court at this hearing to sever the forfeiture action and proceed in a separate civil matter because Surety wanted to present

6

evidence under seal in opposition to the motion for judgment on the bond forfeiture. Surety explained its belief that the State decided to forgo extraditing Reyes from Mexico in favor of dropping the prosecution in order to collect the bond. Surety argued that, under these facts, the bond would become a voidable contract because the State's refusal to extradite Reyes made it impossible for Surety to produce him.

The district court ultimately denied Surety's motion to sever the forfeiture action from the underlying criminal matter, holding that neither the judicial branch nor parties to litigation control the State's decision regarding whether to prosecute criminal cases. The district court went on to grant the State's motion for judgment on the forfeiture. The court held that the bond was forfeited by its terms when Reyes failed to appear in court on December 12, 2016, and "the State did not cause, create, encourage, or agree to [Reyes'] failure to appear." Even assuming the facts Surety alleged were true—that the district attorney would not extradite Reyes—the court reiterated that the State had no obligation to continue to prosecute pending cases at the direction of the court or the parties to the litigation.

Although Surety never filed a motion to set aside the forfeiture under K.S.A. 2017 Supp. 22-2807(3), the court specifically rejected the notion that setting aside the forfeiture was necessary to serve the ends of justice. Having determined it was unnecessary to set aside the bond forfeiture under K.S.A. 2017 Supp. 22-2807(3), the court held that K.S.A. 2017 Supp. 22-2807(4) mandated the entry of judgment on the bond forfeiture. The court therefore entered judgment and ordered execution on the judgment. Given its decision, the court then held the State's motion to quash the subpoena served on Deputy Saffell was moot.

Surety claims the district court erred in denying its request to sever the forfeiture action and treat it as a separate civil case. While it is true that the forfeiture proceeding is a civil case, that fact does not mean that a separate civil action had to be filed in order to

enter judgment on the forfeiture. When a surety enters into a security bond in a criminal case, the surety impliedly agrees that liability may be determined without the initiation of a separate action. By statute, sureties who post an appearance bond in a Kansas criminal case submit to the jurisdiction of any court having power to enter judgment and liability for that judgment "may be enforced on motion *without the necessity of an independent action*." (Emphasis added.) K.S.A. 2017 Supp. 22-2807(4). "The importance of (this rule) is that it permits the liability of a surety to be enforced through an expeditious, summary procedure without the necessity of an independent action." 11A Wright, Miller & Kane, Federal Practice and Procedure § 2972, p. 503 (2012) (discussing analogous federal rule of criminal procedure).

Ultimately, we review for an abuse of discretion the district court's decision to enter judgment on (enforce) the bond forfeiture without the necessity of an independent action. The abuse of discretion standard is well known:

> "Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

Although not entirely clear from its briefing, it appears Surety's argument is that the district court's decision to deny Surety's request to sever the bond forfeiture from the underlying criminal case is based on an error of law. Specifically, Surety claims the court's decision not to litigate the matter in an independent civil action deprived it of the opportunity to conduct discovery and mount a defense in response to the State's motion for judgment on the bond forfeiture, which resulted in a denial of procedural due process. We disagree.

8

The basic elements of procedural due process are notice and an opportunity to be heard. *State v. Wilkinson*, 269 Kan. 603, 608, 9 P.3d 1 (2000). Appellate review of alleged due process violations is a question of law over which this court has unlimited review. *Hemphill v. Kansas Dept. of Revenue*, 270 Kan. 83, 89, 11 P.3d 1165 (2000). With regard to notice, the record reflects that Surety had almost two months' notice of the hearing on the State's motion for judgment on forfeiture. As for the opportunity to be heard, the pleadings filed and the transcript of proceedings establish that Surety was provided an opportunity to be heard in a meaningful manner. Surety asked the court to sever the forfeiture proceedings so it could present information under seal regarding Reyes' location so that the State could extradite Reyes back to the United States from Mexico. Surety proffered that, if the court denied the State's motion to quash, Deputy Saffell would testify that the district attorney did not intend to pursue extradition of Reyes from Mexico. Based on this proffer, Surety argued it would be unfair to enter judgment on the forfeiture against Surety when the State was no longer interested in prosecuting Reyes.

The district court provided Surety with the notice required and a meaningful opportunity to be heard with regard to the State's motion for judgment on the bond forfeiture. For this reason, Surety was not deprived of its right to due process of the law and the court did not abuse its discretion in denying Surety's request for a separate civil action or in granting the State's motion for judgment on the bond forfeiture.

*Subpoenas*

Surety claims the district court erred in quashing the subpoenas served on Hubert and Deputy Saffell. This court reviews the district court's decision on a motion to quash a subpoena for an abuse of discretion. See *State v. Gonzalez*, 290 Kan. 747, Syl. ¶ 3, 234 P.3d 1 (2010). Judicial discretion is abused if the judicial action is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person could agree with the district court. *State v.*

9

*Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). The party claiming the district court abused its discretion bears the burden of showing the abuse. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

*Assistant District Attorney Randall Hubert*

Surety issued a subpoena to Hubert seeking records "related to the District Attorney's decision regarding extradition of the fugitive, Carlos Reyes." The State moved to quash the subpoena, arguing Surety was not authorized to issue subpoenas under the Kansas Criminal Code and Surety's requests were overbroad and sought irrelevant, privileged, confidential, and protected information.

"When a claim of privilege, confidentiality, or irrelevance is raised in response to a discovery request, a district court has a duty to permit discovery of only relevant documents, thereby protecting against unnecessary and damaging disclosure of irrelevant confidential material." *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, Syl. ¶ 18, 244 P.3d 642 (2010); see also K.S.A. 2017 Supp. 60-226(b) (discovery allowed for any matter, not privileged, that is relevant to subject matter involved in pending action). Accordingly, we first must determine whether the requested documents were relevant.

The district court held a hearing on the motion to quash the subpoena. Surety argued that the documents regarding the State's decision not to extradite Reyes would support Surety's argument that the State's inaction rendered the contract voidable. The district court rejected Surety's argument, holding Surety's contract with the court was breached when Reyes did not appear for trial and such a breach was a risk a surety takes in writing bonds. The court noted the State was not required to make a statement about its strategy in prosecuting a case. Ultimately, the court granted the State's motion to quash the subpoena, finding the information sought by Surety was privileged, work product, and irrelevant to the issue of the judgment on a forfeiture bond.

10

The district court did not abuse its discretion in determining that the requested information was irrelevant to issue of the judgment on the forfeiture of the bond. Whether the State intended to extradite Reyes had no bearing on Surety's liability for the judgment on the forfeiture. The terms of Surety's bond guaranteed Reyes' presence at discretion of the court. The bond was in default when Reyes did not appear for trial on December 12, 2016. See K.S.A. 2017 Supp. 22-2807(1) (court "shall" declare forfeiture if defendant does not appear). Surety acknowledged that the State did not do anything to prevent Reyes from appearing for trial. Rather, Surety argues that the State impeded Surety's ability to produce Reyes *after* the bond was in default. This court previously rejected a similar argument in *Dahmer*, 2009 WL 2242422, at *4. In that case, the surety argued the State was required to mitigate its damages by pursuing its own means of getting the defendant transferred to Kansas after his arrest. The *Dahmer* court rejected that argument, stating:

> "Acceptance of American Surety's argument would shift the burden of compliance with the terms of the appearance bond from the surety, which had agreed to be jointly liable for any breach of the terms of the bond, to the State, which had made no such agreement. The surety appearance bond is a specific promise that the defendant will appear combined with sufficient security, *i.e.*, the bond amount, such that the court is satisfied that the defendant will keep the promise." 2009 WL 2242422, at *4.

Here, the State had no obligation to help Surety locate and extradite Reyes or to continue to prosecute him. So evidentiary proof of whether the State intended to extradite Reyes was irrelevant to the court's decision on the motion for judgment of forfeiture on the bond. Thus, Surety did not meet its burden to show the district court abused its discretion when it quashed Hubert's subpoena. See *Ward*, 292 Kan. at 550.

11

*Deputy Sheriff Steve Saffell*

Surety argues the district court erred in finding moot the State's motion to quash the subpoena served on Deputy Saffell. In support of error, Surety argues the subpoena was "filed in response to the State's motion for judgment on forfeiture . . . [and] should have been determined prior to the hearing on the motion for which the subpoenaed information would have been used." Like the information requested from Hubert, the information requested from Saffell also was irrelevant to issue of the judgment on the forfeiture of the bond. Because the district court already had granted the State's motion for judgment on the bond forfeiture, it did not err in finding moot the State's motion to quash Saffell's subpoena.

Affirmed.