NOT DESIGNATED FOR PUBLICATION

No. 126,050

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KELSEY MARIE STODDARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; AMY C. COPPOLA, magistrate judge. Submitted without oral argument. Opinion filed August 2, 2024. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., ATCHESON and CLINE, JJ.

PER CURIAM: Roughly six years into a probation that had been extended several times, Defendant Kelsey Marie Stoddard asked the Geary County District Court to find the plan for her repayment of restitution to be unworkable. The district court denied the request based on the limited evidence Stoddard offered. Given the stringent standard governing the unworkability of restitution plans, we find no error in the ruling and affirm the district court.

1

The State charged Stoddard with felony identity theft in 2015 for repeatedly taking money from her grandparents' bank account without permission. In 2016, Stoddard pleaded no contest to a reduced charge of misdemeanor theft and agreed to pay restitution of $5,558.79. The district court sentenced Stoddard to 12 months in jail, placed her on probation for 18 months, and ordered her to pay the restitution to Intrust Bank.

Stoddard intermittently made small payments toward the restitution and court costs. She agreed to several extensions of her probation, and the State filed revocation motions mostly for nonpayment resulting in the district court granting Stoddard additional extensions. In November 2022, the State moved to revoke Stoddard's probation for nonpayment of restitution and costs, failure to report, and marijuana use. The restitution balance was then about $4,700. At the revocation hearing, Stoddard did not dispute the probation violations. But her lawyer argued the district court's suggested repayment plan of $10 a month was unworkable, especially given how long it would take to satisfy the obligation.

During the hearing, Stoddard testified to her circumstances and alluded briefly to having periodic "manic" episodes in which she could not work and typically would wind up homeless because she had no money to pay rent. From Stoddard's description, the episodes apparently are recurrent if not necessarily predictable and can last for an extended time. Stoddard told the district court she was then residing in a structured living setting and had begun working several weeks earlier at a job that paid $16.50 an hour. But Stoddard offered no expert testimony about the cause of or possible treatment for her manic condition. The district court again continued Stoddard's probation, declined to find the restitution repayment plan of $10 a month unworkable, and ordered her to serve a 20-day jail sanction on weekends. Stoddard has appealed.

ANALYSIS

For her only issue on appeal, Stoddard contends the district court erred in concluding the restitution payment plan was workable.

Well after the parties submitted their briefs, the State filed a notice on June 24, 2024, representing that Stoddard's restitution obligation had been "deemed satisfied" and the district court has ordered Stoddard's probation terminated as "unsuccessful[]." The State suggested this appeal had thus become moot. The State relied on documents that are not in the district court record available to us or in the appellate record. Stoddard has not responded to the notice.

The State's representations, if correct, would appear to render this appeal moot since the only issue bears on Stoddard's continuing obligation to pay restitution. A legal controversy becomes moot when judicial resolution of the controlling issue would no longer affect the legal rights or alter the legal relationship of the parties. *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012); *Litke v. Board of Morris County Comm'rs*, No. 124,528, 2023 WL 1879318, at *1 (Kan. App. 2023) (unpublished opinion). But mootness is a prudential doctrine and not a jurisdictional bar. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020). So we retain the authority to address the substantive point Stoddard has raised. As a matter of expedience, we take that path rather than issuing a show-cause order asking the parties to address whether the appeal should be dismissed because the controversy has become moot.

Turning to the merits, we assume without deciding that a defendant may contest a restitution plan as unworkable during the term of their probation rather than only when the district court orders payment at sentencing. See K.S.A. 21-6604(b)(1) (when defendant found guilty of crime, district court "shall order . . . restitution" as part of sentence unless "compelling circumstances" make payment "unworkable"); see also *State*

3

*v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014) ("Restitution constitutes part of a criminal defendant's sentence."). When restitution is factually appropriate in a criminal case, an order for the defendant to pay is considered the rule and a finding of unworkability the exception. The defendant has the burden to establish restitution would not be feasible under the circumstances of their case. *State v. Meeks*, 307 Kan. 813, 816-17, 415 P.3d 400 (2018). The decision on unworkability is a fact specific one essentially entrusted to the district court's sound discretion within the statutory directive in K.S.A. 21-6604(b) favoring restitution as the general rule. 307 Kan. at 816. A district court abuses that broad authority if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *State v. Shields*, 315 Kan 131, 142, 504 P.3d 1061 (2022); *State v. Darrah*, 309 Kan. 1222, 1227, 442 P.3d 1049 (2019).

Here, we find no abuse of discretion. The district court understood the facts and did not appear to misapprehend the law. The evidence showed that Stoddard had started a job and likely would be able to pay more than $10 a month after a time. Conversely, Stoddard never presented anything concrete about her manic episodes and how they would necessarily prevent her from paying restitution for the foreseeable future. Given the hearing record, we certainly cannot say the district court's decision fell outside the realm of reasonable decision-making. We are confident other district courts would have ruled the same way. See *Meeks*, 307 Kan. at 821-22.

Affirmed.

4