NOT DESIGNATED FOR PUBLICATION

No. 114,192

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN A. OCHOA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Kingman District Court; LARRY T. SOLOMON, judge. Opinion filed August 19, 2016. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*:  Defendant John A. Ochoa challenges his rape conviction following a jury trial in Kingman County District Court on the grounds the prosecutor's closing argument improperly shifted the burden of proof from the State to him, resulting in a fundamentally unfair finding of guilt. Having carefully reviewed the record, including the closing arguments, we find no error and affirm the jury's verdict.

Given the issue, we dispense with an elaborate factual recitation. In July 2012, Ochoa lived with his girlfriend and her mother, who was then residing with a man and his two children. Ochoa was 29 years old. R.L.D., the man's daughter, was 14 years old.

Unaccompanied by any other adult, Ochoa took R.L.D., her younger brother, and two other children on an overnight camping trip to Cheney Lake. After dark, Ochoa threatened R.L.D., physically led her away from the campsite, and then raped her.

R.L.D. did not disclose the rape for several months. By the time she did, any biological or other corroborating evidence had been lost. None of the other children on the trip saw any part of the incident. Sergeant David Hillman of the Kingman County Sheriff's Office coordinated the investigation. In late October 2012, he spoke briefly by telephone with Ochoa. In that conversation, Ochoa denied he raped or otherwise acted inappropriately with R.L.D. But Ochoa failed to show up for an in-person interview he and Sgt. Hillman had scheduled.

About 2 weeks later, the State charged Ochoa with one count of rape in violation of K.S.A. 2015 Supp. 21-5503. The case did not go to trial until January 2015. During the trial, which lasted a single day, the State called R.L.D. and Sgt. Hillman, among other witnesses. R.L.D. described the rape. Sgt. Hillman outlined his investigation and noted Ochoa's denial of the accusation in their telephone conversation. Ochoa did not testify or offer any other evidence. The jury convicted Ochoa.

The district court later sentenced Ochoa to serve 653 months in prison, the aggravated term of incarceration under the sentencing guidelines for a person with a criminal history score of A. The district court also imposed lifetime postrelease supervision and ordered Ochoa to pay restitution and costs. Ochoa has duly appealed.

Ochoa contends the county attorney's closing argument impermissibly suggested to the jury he had some burden to prove his innocence. To state the obvious, defendants are presumed innocent in criminal cases, and the State must prove them guilty beyond a reasonable doubt. See *Taylor v. Kentucky*, 436 U.S. 478, 485-86, 98 S. Ct. 1930, 56 L. Ed. 2d 468 (1978) (presumption and burden); *Miller v. State*, 298 Kan. 921, Syl. ¶ 5, 318

P.3d 155 (2014) (State's burden). Defendants have no obligation to present evidence and carry no burden of proof. The State's obligation implicates a defendant's constitutionally protected due process rights. *Taylor*, 436 U.S. at 485-86; *State v. Switzer*, 244 Kan. 449, 450, 769 P.2d 645 (1989). Just as obvious, a prosecutor may not misstate the law in making a closing argument to jurors. See *State v. Tahah*, 302 Kan. 783, 791, 358 P.3d 819 (2015), *cert. denied* 136 S. Ct. 1218 (2016); *State v. Huddleston*, 298 Kan. 941, 953, 318 P.3d 140 (2014). So a prosecutor may not say or imply a defendant has a legal obligation to show he or she is not guilty.

During the trial, Ochoa made no objection to the county attorney's closing argument. But an appellate court may review the propriety of a prosecutor's argument to a jury even in the absence of an objection. *State v. Pribble*, 304 Kan. ___, ___ P.3d ___, 2016 WL 3913461, at *5 (No. 108,915, filed July 15, 2016). In assessing a closing argument, the reviewing court sequentially considers whether the comments exceeded "the wide latitude that a prosecutor is allowed in discussing the evidence" and, if so, whether any resulting prejudice was sufficiently severe to deprive the defendant of a fair trial. 2016 WL 3913461, at *5.

Here, Ochoa highlights out two portions of the county attorney's argument he contends impermissibly placed a burden on him to offer evidence of his innocence to be found not guilty. During the first portion of the closing argument, the county attorney commented generally on the lack of evidence suggesting R.L.D. to have been untruthful:

> "During jury selection we talked about whether members of the jury were doubtful of people, whether they were untrusting of people or whether they would generally believe somebody if they didn't have a reason not to believe them. We used the example of the time on the wall behind you because you couldn't see it and I could, and we went over that. Ask yourselves from the evidence that you've heard today, do you believe—do you believe [R.L.D.]. Has there been evidence that would lead you to not believe [R.L.D.]?"

3

While rebutting the defense lawyer's argument, the county attorney returned to R.L.D.'s credibility. He told the jury:

> "Either [you] believe [R.L.D.] or you don't believe her. . . . She got raped. You don't have to speculate about anything. If you find the witness credible, you don't have to speculate about anything. What evidence have you heard today that [R.L.D.] is not credible? I would submit [none]."

R.L.D.'s veracity lay at the heart of the case. As a practical matter, it really *was* the case. If the jury believed her version of what happened at the campsite, Ochoa raped her. And he should have been found guilty charged. If the jury had a reasonable doubt as to her credibility, then Ochoa should have been acquitted. Not surprisingly, the defense focused on and challenged R.L.D.'s veracity.

In arguing to the jury, the prosecutor responded to that approach with a suggestion that the jury look at what evidence actually undercut R.L.D.'s version of the crime or her credibility generally. The prosecutor, thus, offered a counterpoint to the defense theory that R.L.D should not be believed by rhetorically posing to the jury the question, "Why?" That amounts to fair comment on the evidence and the critical issue in the case. In *Pribble*, the Kansas Supreme Court said exactly that: "[A] prosecutor does not shift the burden of proof by pointing out the absence of evidence to support the defense argument that there are holes in the State's case." 2016 WL 3913461, at *9. The purported hole in the case against Ochoa was R.L.D.'s credibility. And the prosecutor simply pointed out that nothing in the evidence created such a hole. The comments referred to the quality of the evidence admitted at trial for the jury's consideration. They did not imply Ochoa had a burden to produce affirmative evidence. More particularly, they did not implicate Ochoa's decision against testifying in his own defense. Nor did they disparage Ochoa for making that choice. See *State v. McKinney*, 272 Kan. 331, 346-47, 33 P.3d 234 (2001)

4

(drawing distinction between proper argument that defense "failed to produce evidence in general that would cause doubt on [key witness'] credibility" and improper argument directly or inferentially commenting on defendant's failure to testify), *overruled on other grounds by State v. Davis*, 283 Kan. 569, 158 P.3d 317 (2007).

Here, in keeping with *Pribble* and *McKinney*, the county attorney's closing argument came within the boundaries of fair comment on the law and the evidence. We, therefore, need not undertake the second analytical step in gauging the prejudicial impact of an improper argument. Because the argument was proper, it could not have impaired Ochoa's right to a fair trial.

As to his sentence, Ochoa argues on appeal the district court improperly used his past convictions to determine his criminal history because a jury did not consider and establish their existence beyond a reasonable doubt. He relies on the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), to support that proposition. But he also acknowledges the Kansas Supreme Court has rejected that argument and has found the State's current sentencing regimen conforms to the Sixth and Fourteenth Amendments to the United States Constitution with respect to the use of a defendant's past convictions in determining a presumptive statutory punishment. *State v. Fischer*, 288 Kan. 470, Syl. ¶ 4, 203 P.3d 1269 (2009); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We, therefore, decline Ochoa's invitation to rule otherwise, especially in light of the Kansas Supreme Court's continuing affirmation of *Ivory*. *State v. Corey*, 304 Kan. 721, ___ P.3d ___, 2016 WL 3610754, at *2 (2016); *State v. Hall*, 298 Kan. 978, 991, 319 P.3d 506 (2014).

Affirmed.