NOT DESIGNATED FOR PUBLICATION

No. 114,674

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREW STEPHEN BOLL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed September 2, 2016. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Andrew Hamline*, legal intern, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MCANANY and GARDNER, JJ.

*Per Curiam*:  As part of a plea bargain, Andrew Boll pleaded guilty to nine felonies and one misdemeanor, and the State agreed to recommend a downward durational departure sentence. At sentencing, the district court denied Boll's motion for a further durational departure or a downward disposition to probation. Boll appeals that denial and also asserts that the State should have been required to prove his criminal history beyond a reasonable doubt under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Finding no error, we affirm.

1

*Factual and procedural background*

In September and October 2014, Boll burglarized homes, stole cars and the items inside them, repeatedly rammed a patrol car which blocked his escape, and led officers on a high speed chase for over 40 miles. Due to those and related acts, Boll was charged in an amended complaint with the following crimes:

- five counts of aggravated burglary, each a severity level 5 person felony;
- aggravated assault on a law enforcement officer, a severity level 6 person felony;
- fleeing and eluding, a severity level 9 person felony;
- criminal damage to property, a severity level 9 person felony;
- theft, a severity level 9 person felony; and
- misdemeanor theft.

After his preliminary hearing, Boll pleaded guilty to each charge based on a plea agreement. In that agreement, the State agreed to request three things: (1) a downward durational departure to 96 months' imprisonment; (2) concurrent sentences on the 10 counts and full restitution; and (3) that Boll could seek a dispositional departure to probation or a further downward durational departure.

Before the sentencing hearing, Boll's attorney moved for Boll to be given probation with substance abuse treatment or, alternatively, that his sentence be further reduced to 60 months' imprisonment. The district court granted the agreed departure to 96 months on Count I (aggravated burglary) from the presumptive sentence range of 122 to 136 months, ordered the sentences for the other crimes to run concurrent with Count I, and ordered restitution. Boll appeals the denial of his motion for further departures, as is

2

permissible, see *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014), asserting solely an abuse of discretion.

*Our standard of review on appeal*

Where, as here, the issue is the extent of a downward departure, we consider whether, under an abuse of discretion standard, the departure "is consistent with the purposes of the guidelines and proportionate to the crime severity and the defendant's criminal history." *State v. Spencer*, 291 Kan. 796, 808, 248 P.3d 256 (2011).

Judicial discretion is abused if a judicial action is based on an error of law or fact, or if it is arbitrary, fanciful, or unreasonable—meaning no reasonable person would have taken the view adopted by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The defendant bears the burden of showing that the district court abused its discretion. *State v. Hulett*, 293 Kan. 312, 319, 263 P.3d 153 (2011).

*The Departure Motion*

Boll does not assert any errors of law or fact in the sentencing ruling but contends that no reasonable person would take the view adopted by the district court. Boll does not point to anything specific in the record that shows an abuse of discretion but argues only that the mitigating factors presented in the sentencing hearing compelled the district court to make a further downward durational departure or a dispositional departure to probation.

Four factors were argued to be mitigating at the sentencing hearing. First, that Boll's criminal history of burglaries and thefts was a product of his lifetime of substance abuse, and Boll could not remember committing any crimes while he was sober. Second,

Boll had taken responsibility for his crimes by pleading guilty. Third, Boll was comparatively young, and fourth, Boll's wife and two daughters wanted him home. No other facts were argued in support of Boll's motion for further departure.

Before ruling, the district court reviewed the presentence investigation report (PSI), which showed Boll had 34 prior convictions and had committed the current crimes while on felony supervision. Boll agreed with the PSI's content and that his criminal history score was A. The district court found that several special rules applied to sentencing for various counts, including rules No. 3 (aggravated assault of a law enforcement officer), No. 29 (three or more prior thefts), and No. 43 (third or subsequent fleeing and eluding).

When the district court denied Boll's motion for further departure, it specifically cited the following reasons supporting that decision: the evidence from the preliminary hearing, the victim statements, Boll's previous chances on probation and at drug treatment facilities, Boll's long history of criminal acts, Boll's committing the current crimes while on felony supervision, and Boll's endangering of law enforcement officers. The court concluded, "I think you got a pretty good deal on the plea. It requires me to grant the motion for durational departure [to 96 months] and I will do that. . . . [B]ut the Court doesn't see any reason to go down any further than that." The district court thus weighed the evidence and made an informed ruling.

Having reviewed the record, we find the district court's decision to be reasonable and not arbitrary or fanciful. We thus affirm the district court's denial of Boll's motion for a further downward departure.

*The* Apprendi *Challenge*

Boll also argues that the district court violated his Sixth and Fourteenth Amendment rights by using his prior convictions to increase the maximum penalty without requiring the State to prove them beyond a reasonable doubt, citing *Apprendi*, 530 U.S. 466. He acknowledges that our Supreme Court previously resolved this issue in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). Panels of this court are bound to follow precedent established by our Supreme Court unless there is an indication that it is departing from the precedent. See *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). We do so here, as cases decided after *Ivory* do not suggest any such departure. See *State v. Tahah*, 302 Kan. 783, 795-96, 358 P.3d 819 (2015), *cert. denied* 136 S. Ct. 1218 (2016); *State v. Barber*, 302 Kan. 367, 386, 353 P.3d 1108 (2015); *State v. Overman*, 301 Kan. 704, 716-17, 348 P.3d 516 (2015). Using Boll's prior convictions to establish a criminal history score was not unconstitutional.

Affirmed.