NOT DESIGNATED FOR PUBLICATION
No. 113,621

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAN R. MADDOX,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DOUGLAS R. ROTH, judge. Opinion filed December 2, 2016. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before STANDRIDGE, P.J., ARNOLD-BURGER and BRUNS, JJ.


*Per Curiam*: Dan R. Maddox appeals after being convicted of aggravated indecent liberties with a child. On appeal, Maddox argues that the district court erred in failing to inquire into the possibility of a conflict with his attorney after he filed a motion to dismiss alleging that defense counsel did not obtain his permission before continuing his case on multiple occasions. Maddox also argues that the district court violated his constitutional rights by using his prior convictions to increase his sentence without first requiring the State to prove them to a jury beyond a reasonable doubt. Finding no reversible error, we affirm Maddox's conviction.

1

FACTS

On April 17, 2013, Maddox was charged with aggravated indecent liberties with a child, and he retained David Phillip Leon to defend him. After waiving his right to a preliminary hearing, the district court bound Maddox over for trial. Maddox then entered a plea of not guilty.

From May 2013 to March 2014, the district court continued Maddox's trial 10 times at the request of the defense. Ultimately, the case was set for a jury trial on March 3, 2014. On the day of the trial, however, Maddox waived his right to a jury and stated that he wished to proceed with a bench trial. As a result, the trial was continued again.

Maddox's bench trial was continued yet again based on defense requests before April 4, 2014. On that date, Maddox filed a pro se motion to dismiss. In his motion, Maddox alleged that the case should be dismissed due to (1) a violation of his right to a speedy trial; (2) continuances being granted without his permission; and (3) defense counsel ignoring communications concerning his right to a speedy trial. Because Maddox was represented, the clerk of the court forwarded the pro se motion to Maddox's defense counsel and indicated that the district court would await direction from Leon on how to proceed. It does not appear from the record on appeal that the motion to dismiss was ever ruled upon.

After Maddox filed his motion to dismiss, the district court continued the trial nine more times on requests from defense counsel. On October 15, 2014, the district court conducted a bench trial on stipulated facts. Based on the stipulation, the district court found Maddox guilty of aggravated indecent liberties with a child as defined by K.S.A. 2012 Supp. 21-5506(b)(1).

On December 4, 2014, Maddox filed a pro se motion to consolidate this case with another pending criminal case involving charges of lewd and lascivious behavior as well as aggravated endangering a child. In the motion, he argued that multiple convictions on the same date should constitute one conviction. The district court, again, forwarded the motion to defense counsel. On the same date, defense counsel filed a motion for a durational departure and/or to run Maddox's sentence in this case concurrently with his sentence in the other criminal case. Although Maddox was scheduled to be sentenced in both cases on the same day, the two cases had not been consolidated.

On December 9, 2014, the district court held the combined sentencing hearing. At the sentencing hearing, the district court noted that Maddox committed the crime in this case while he was out on bond after being charged in his previous case. After denying Maddox's pro se motion to consolidate the two criminal cases as well as the departure motion filed by defense counsel, the district court found Maddox to be a persistent sex offender and sentenced Maddox to 494 months' imprisonment in this case. Furthermore, the district court ordered that the sentence in this case should run concurrently with a 13-month sentence in Maddox's other criminal case.

Evidently upon realizing that the issue of mandatory postrelease supervision had not been addressed at the original sentencing hearing, the district court notified Maddox that he would be resentenced on December 30, 2014. Because Maddox had decided that he did not want Leon to represent him anymore, the district court appointed new counsel to represent him and continued the hearing. Finally on February 6, 2015, the district court resentenced Maddox to the same sentence as previously imposed with the additional requirement of lifetime postrelease supervision. The district court also provided Maddox with a notice of duty to register.

Thereafter, Maddox timely filed a notice of appeal.

ANALYSIS

*Conflict with Defense Counsel*

On appeal, Maddox contends that the district court erred in failing to inquire into the possibility of a conflict with his retained counsel after he filed a pro se motion to dismiss alleging—in part—that defense counsel did not obtain his permission before continuing the trial of this case on multiple occasions. In response, the State contends that the district court did not have a duty to inquire because Maddox failed to make sufficient allegations of a conflict with his retained counsel and because he could have simply terminated Leon at any time if he was unhappy with his representation.

Both the United States Constitution and the Kansas Constitution guarantee the right of a criminal defendant to the effective assistance of counsel. See *State v. Brown*, 300 Kan. 565, 574-75, 331 P.3d 797 (2014). If a defendant wishes to obtain a different attorney, it is his or her burden to show justifiable dissatisfaction with counsel. Examples of justifiable dissatisfaction include conflicts of interest, irreconcilable disagreements between a defendant and his or her counsel, or complete breakdowns in communication between counsel and a defendant. A defendant who provides an articulated statement of attorney dissatisfaction to the district court triggers a duty by the court to inquire into a potential conflict of interest. 300 Kan. at 575. Our review of the district court's failure to inquire is unlimited. See 300 Kan. at 575.

Here, Maddox made his allegation against his retained counsel as part of a pro se motion to dismiss. For whatever reason, Maddox did not terminate his attorney nor did he ask the district court to appoint another attorney on his behalf until after his bench trial. In fact, it appears from the record that he never raised this issue again prior to this appeal. Moreover, Maddox does not argue on appeal that the district court erred in failing to dismiss this case based on his pro se motion alleging a speedy trial violation. Instead,

4

Maddox argues that the filing of the pro se motion was sufficient to inform the district court that there was a breakdown of communication with his retained counsel and, in turn, to trigger a duty on the part of the district court to inquire further into the potential conflict.

In Kansas, defense counsel is not required to obtain his or her client's permission before seeking a continuance. See *Sola-Morales v. State*, 300 Kan. 875, 897, 335 P.3d 1162 (2014); *State v. Bafford*, 255 Kan. 888, 895, 879 P.2d 613 (1994) ("The decision of whether a motion for a continuance should be filed does not require a specific consultation between the attorney and client. . . . Counsel was not required to obtain [defendant's] permission prior to moving for a continuance."). Furthermore, Maddox does not show how the requested continuances prejudiced his defense or that he took any steps to replace his retained counsel prior to the bench trial. Accordingly, we conclude that Maddox has failed to meet his burden to articulate a justifiable dissatisfaction with his attorney.

Even if we found that the district court had a duty to inquire, we would then have to determine whether the failure to do so constituted an abuse of discretion. See *Brown*, 300 Kan. at 576. We may find that a district court abused its discretion if its action—or failure to act—was (1) arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would take the judge's view; (2) based on an error of law; or (3) based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding made by the judge in conjunction with his or her action. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Again, the defendant bears the burden of showing that the district court has abused its discretion. *Brown*, 300 Kan. at 571.

We recognize that the United States Supreme Court found in *Cuyler v. Sullivan* that a criminal defendant who retained his or her own attorney may also assert a Sixth Amendment claim of ineffective assistance of counsel. 446 U.S. 335, 344-45, 100 S. Ct.

5

1708, 64 L. Ed. 2d 333 (1980) ("Since the State's conduct of a criminal trial itself implicates the State in the defendant's conviction, we see no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers."). See also *State v. Patton*, 287 Kan. 200, 224, 195 P.3d 753 (2008). Furthermore, we note that a panel of this court has held— in the context of a K.S.A. 60-1507 motion—that the right to effective assistance of counsel applies equally to retained or appointed counsel, stating:

"To hold, as the State argues, that appointed counsel for an indigent must be effective whereas retained counsel for a nonindigent does not have to be effective, is illogical. Appointed and retained counsel must be effective when there are 'substantial questions of law or triable issues of fact.' K.S.A. 22-4506(b)." *Ludlow v. State*, No. 105,303, 2011 WL 5833609, at *3 (Kan. App. 2011) (unpublished opinion).

In the present case, however, Maddox does not argue that his retained counsel was ineffective. Rather, Maddox argues that he put the district court on notice of a potential conflict, and it ignored his complaints. Although defendants are entitled to effective assistance of counsel whether that counsel is retained or appointed, Maddox does not allege that the multiple continuances equates to ineffective assistance of counsel. If Maddox sincerely believed that Leon's representation was ineffective, he could have terminated him or brought such an allegation to the attention of the district court either prior to or at the bench trial. Instead, Maddox did not choose to terminate Leon's representation until after the bench trial and the initial sentencing hearing. When he finally did so, the district court appropriately appointed counsel to represent Maddox at the resentencing hearing.

As our Supreme Court has stated, "When the trial court fails to inquire into a potential conflict, the defendant is entitled to reversal *if he or she can establish that the conflict significantly affected his or her counsel's performance, thereby rendering the verdict unreliable*." (Emphasis added.) *State v. Carter*, 284 Kan. 312, 321, 160 P.3d 457

6

(2007). Here, Maddox has not even attempted to establish that not being consulted about the multiple continuances "significantly affected" Leon's ability to defend him nor has he attempted to show that the verdict—which was based on stipulated facts—was somehow unreliable. Thus, we conclude that the district court did not abuse its discretion in neglecting to inquire into Maddox's complaint regarding his counsel's failure to consult him prior to seeking continuances.

Apprendi *Issue*

Maddox also contends that the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). He argues that in order to use his prior convictions to increase his sentence, the State was required to prove them to a jury beyond a reasonable doubt. Maddox acknowledges, however, that our Supreme Court previously resolved this issue in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). Nevertheless, Maddox states that he is raising the issue to preserve it for federal review.

We are bound to follow precedent established by our Supreme Court unless there is an indication that it is departing from the precedent. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). And we do not have any indication that our Supreme Court will be departing from its holding in *Ivory* at any point in the foreseeable future. See *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016). Thus, we conclude that the district court did not violate Maddox's constitutional rights.

Affirmed.