NOT DESIGNATED FOR PUBLICATION

Nos. 117,084
117,085

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MANUEL SALDANA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; VAN Z. HAMPTON, judge. Opinion filed October 27, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before STANDRIDGE, P.J., HILL and SCHROEDER, JJ.

PER CURIAM: Manuel Saldana appeals his sentence in two cases based on several alleged errors regarding his criminal history score. Saldana argues the district court erred in (1) converting person misdemeanors in his criminal history into person felonies under K.S.A. 2016 Supp. 21-6811(a), (2) refusing to remove five juvenile offenses from his presentence investigation (PSI) reports, and (3) using his prior convictions to increase his sentence without requiring them to be proved to a jury. Finding no error, we affirm.

On May 25, 2016, Saldana pled no contest to charges in two cases. In case 16CR80, Saldana pled to one count of attempted aggravated battery, a severity level 9

1

person felony. In case 16CR249, Saldana pled to one count of stalking after being served with a protection from stalking order, a severity level 9 person felony.

The district court ordered a PSI report in each case. Saldana's reports contained 51 entries, including two adult person felony convictions and six adult person misdemeanor convictions that were converted to two additional person felonies under K.S.A. 2016 Supp. 21-6811(a) ("Every three prior adult convictions . . . of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes."). After converting the misdemeanors, the PSI reports reflected four adult person felonies and a criminal history score of A. See K.S.A. 2016 Supp. 21-6809 (describing criminal history score A as when the "offender's criminal history includes three or more adult convictions . . . for person felonies"). The reports did not include any of Saldana's juvenile adjudications in the calculation of his criminal history score because they had all decayed.

Before sentencing, Saldana filed a motion challenging the existence of the juvenile adjudications appearing as entries 47-51 in the criminal history worksheet of the PSI reports, all of which were 1984 juvenile offenses committed in Howard County, Texas. Saldana attached to his motion a letter from the Chief Juvenile Probation Officer for the 118th District Juvenile Probation Office covering Howard, Martin, and Glasscock Counties, Texas. The letter reported that there was no record of any adjudications for Saldana in the Howard, Martin, or Glasscock County records.

At the September 2, 2016 sentencing hearing, Saldana argued to the court that his Texas juvenile convictions "never existed" and therefore should not be considered in his criminal history. The State responded to Saldana's objection to his criminal history:

2

"There's also been a question raised about some of the criminal history. However, I believe when I responded to [defense counsel], I pointed out that the complaint of convictions were not scored under *State v. Dickey*[, 301 Kan. 1018, 350 P.3d 1054 (2015)], so I don't know that we have to dispute those. There were independent person misdemeanors that aggregated as well as these two cases that cross-contaminate one another. I believe that [criminal history score] 'A' is correct on undisputed convictions."

Based on the State's response, the district judge explained to Saldana that "[a]ny reference to a juvenile offense would not be considered for sentencing" because those offenses had decayed and were not scored. Ultimately, the district court granted a downward departure and sentenced Saldana to a 12-month prison term in each case, to run concurrent with each other.

On appeal, Saldana first argues the district court erred in converting his person misdemeanors into person felonies. But Saldana provides no facts or legal authority to support this allegation of error. "[A] failure to adequately brief an issue results in abandonment or waiver." *State v. Logsdon*, 304 Kan. 3, 29, 371 P.3d 836 (2016). In any case, this court has reviewed Saldana's PSI reports and his person misdemeanors were properly aggregated and support his criminal history score of A.

Second, Saldana argues the district court erred by failing to require the State to prove the prior juvenile adjudications set forth in entries 47-51 of his PSI reports actually existed. Given the Chief Juvenile Probation Officer's letter presented to the district court and the State's failure to provide proof that the adjudications truly did exist, Saldana claims the unproved entries should have been removed from his criminal history.

Saldana is correct that the State bears the burden of proving any disputed portion of the offender's criminal history upon the defendant's written assertion of errors on the worksheet. See K.S.A. 2016 Supp. 21-6814(c). However, we need not remand this case for findings on the disputed juvenile adjudications because the resolution of the issue

3

would not change Saldana's criminal history score or sentence. As the district judge informed Saldana at sentencing, none of Saldana's juvenile adjudications—including the five Saldana contests—were considered in calculating Saldana's criminal history score. Saldana's criminal history score of A was proper based on his two adult person felonies and his six adult misdemeanors that were converted to two additional person felonies for scoring purposes. See K.S.A. 2016 Supp. 21-6809; K.S.A. 2016 Supp. 21-6811(a). Therefore, we find no error in the district court's failure to remove the contested juvenile adjudications.

Finally, Saldana argues that the district court erred in using his prior convictions to increase his sentence without requiring them to be proved to a jury beyond a reasonable doubt. Saldana acknowledges, however, that the Kansas Supreme Court has previously rejected that argument in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). In that case, the court held that the Kansas Sentencing Guidelines regimen conforms to the Sixth and Fourteenth Amendments to the United States Constitution with respect to the use of a defendant's past convictions in determining a presumptive statutory punishment. 273 Kan. at 46-48; see *State v. Fischer*, 288 Kan. 470, Syl. ¶ 4, 203 P.3d 1269 (2009). In light of the Kansas Supreme Court's continuing affirmation of *Ivory*, we find Saldana's argument to be without merit. See, e.g., *State v. Pribble*, 304 Kan. 824, 838-39, 375 P.3d 966 (2016); *State v. Hall*, 298 Kan. 978, 991, 319 P.3d 506 (2014).

Affirmed.